UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELFINO MORALES, | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:21-cv-02293 |
| ASHCRAFT-EUROPEAN BAKERY LIMITED PARTNERSHIP, EUROPEAN BAKERY GROUP, INC., and RONALD WEIL | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. From approximately 1999 to February 26, 2021, Plaintiff Delfino Morales worked as a bread mixer at Ashcraft-European Bakery, a commercial bakery co-owned and operated by Defendants Ashcraft-European Bakery Limited Partnership and European Bakery Group, Inc., in Stafford, Texas. For at least the last three years of Plaintiff's employment, Defendants systematically failed to pay him overtime wages for his hours worked in excess of 40 in a workweek. Plaintiff brings this action to recover damages for Defendants' violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), plus costs and attorney's fees as provided by law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Defendants reside in and do business in this district, and the events giving rise to the causes of action occurred within this district.

## THE PARTIES

4. Plaintiff Delfino Morales is an individual residing in Harris County, Texas, and has consented to the filing of this action for violations of the FLSA. (*See* Exhibit A.)

5. Defendant Ashcraft-European Bakery Limited Partnership is a limited partnership formed and existing under the laws of the State of Texas and whose principal place of business is 220 Murphy Rd., Stafford, TX 77477. Defendant Ashcraft-European Bakery Limited Partnership may be served with process by serving its registered agent, Ronald M. Weil, at 220 Murphy Rd., Stafford, TX 77477.

6. Defendant European Bakery Group, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and whose principal place of business is 220 Murphy Rd., Stafford, TX 77477. Defendant European Bakery Group, Inc. may be served with process by serving its registered agent, Ronald M. Weil, at 220 Murphy Rd., Stafford, TX 77477.

7. Defendant Ronald M. Weil is an individual residing in Harris County, Texas. Defendant Weil may be served with process at his residence at 5202 Briar Dr., Houston, TX 77056.

## FACTS

8. Throughout the relevant period of this lawsuit, Defendants co-owned, operated, and jointly did business as Ashcraft-European Bakery, a commercial bakery in Stafford, Texas that provides a variety of pastries and breads to the foodservice industry in the greater Houston area, and has developed unique bread products for convenience stores and airlines on a national level.

9. At all times relevant to this lawsuit, Ashcraft-European Bakery was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

10. At all times relevant to this lawsuit, Ashcraft-European Bakery had two or more employees (including Plaintiff) handling, selling, or otherwise working on goods or materials that

had been moved in or produced for commerce by any person (including, e.g., industrial kitchen appliances, ingredients, and kitchen supplies that were manufactured outside of Texas).

11. In each of the last three years of Plaintiff's employment, Ashcraft-European Bakery has had an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level. On information and belief, Ashcraft-European Bakery's gross sales volume greatly exceeded $1,000,000.00 in each year relevant to this litigation.

12. Plaintiff worked for Defendants as a bread mixer at Ashcraft-European Bakery from approximately 1999 to February 26, 2021. Plaintiff's job duties included preparing doughs for the different types of bread that Defendants produced, operating the dough mixing machine, and transporting the mixed dough to other employees for cutting and packaging.

13. At all times relevant to this lawsuit, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e).

14. During at least the last three years of his employment, Plaintiff regularly worked over 40 hours per week for Defendants, often laboring over 54 hours per week. Plaintiff normally worked six days per week, from approximately 3:00 a.m. to about 1:00 p.m. or later each day, with a daily lunch break lasting approximately 40 minutes.

15. Plaintiff received paychecks from Defendant Ashcraft-European Bakery Limited Partnership on a weekly basis.

16. From at least 2018 to approximately February 26, 2019, Defendants compensated Plaintiff at a rate of $1,050.00 per week. If Plaintiff worked fewer than 6 days in a given workweek during this period, Defendants would dock him 1/6 of his salary, approximately $175, for each day missed. However, the fixed salary amount paid did not vary based on Plaintiffs' actual hours worked. As a limited illustration, Plaintiff received $1,050.00 in each of the following workweeks:

| Workweek Ending | Hours Worked |
|---|---|
| 1/18/2019 | 56.07 |
| 1/15/2019 | 55.37 |
| 1/22/2019 | 54.4 |
| 1/29/2019 | 56.97 |
| 2/5/2019 | 54.5 |

17. From approximately February 26, 2019 to the end of Plaintiff's employment, Defendants compensated Plaintiff at a rate of $1,100.00 per week. If Plaintiff worked fewer than 6 days in a given workweek during this period, Defendants would dock him 1/6 of his salary, approximately $183.33, for each day missed. However, the fixed salary amount paid did not vary based on Plaintiffs' actual hours worked. As a limited illustration, Plaintiff received $1,100.00 in each of the following workweeks:

| Workweek Ending | Hours Worked |
|---|---|
| 1/21/2020 | 53.6 |
| 2/4/2020 | 55.67 |
| 2/11/2020 | 54.77 |
| 3/10/2020 | 56.95 |
| 3/17/2020 | 55.3 |

18. During all times relevant to this lawsuit, Defendants failed to pay Plaintiff the required half-time overtime premium for all hours beyond 40 that Plaintiff worked in a workweek.

19. At all times relevant to this lawsuit, Defendants have been "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

20. Defendant European Bakery Group, Inc. has been the General Partner of Defendant Ashcraft-European Bakery Limited Partnership since 1996.

21. At all times relevant to this lawsuit, both Defendant Ashcraft-European Bakery Limited Partnership and Defendant European Bakery Group, Inc. used Ashcraft-European Bakery's premises, located at 220 Murphy Rd., Stafford, TX 77477, as their principal place of business.

22. On information and belief, the Defendant entities' operations were integrated, and they directly or indirectly codetermined the essential terms and conditions of each bakery worker's employment. Defendant Ashcraft-European Bakery Limited Partnership and Defendant European Bakery Group, Inc. possessed and exercised the power to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, and maintain employment records.

23. As evidenced by its issuance of weekly paychecks showing total hours worked to Plaintiff and other employees, Defendant Ashcraft-European Bakery Limited Partnership indisputably exercised control over the bakery workers' rate and method of payment, and maintained employee pay and time records.

24. In the alternative, even if Defendant European Bakery, Inc. was not Plaintiff's employer, Defendant European Bakery, Inc. is jointly and severally liable for the claims at issue in its capacity as general partner of Defendant Ashcraft-Bakery Limited Partnership pursuant to Tex. Bus. Org. Code § 153.152(b), and is a proper party in this action pursuant to Tex. Bus. Org. Code § 152.305.

25. At all times relevant to this action, Defendant Weil has been the President and Director of Defendant European Bakery Group, Inc.

26. Throughout the relevant period, Defendant Weil was regularly present at Ashcraft-European Bakery and possessed and exercised the power to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, and maintain employment records.

27. While the hiring of new employees was normally delegated to managers and supervisors of the bakery, Defendant Weil personally made decisions to fire some employees of Defendants.

28. Defendant Weil personally exercised control over Plaintiff's rate of pay. When Plaintiff first started working for Defendants in 1999, Defendant Weil determined that Plaintiff would be paid approximately $400 to $500 per week. From 1999 to the end of his employment with Defendants, Plaintiff periodically received raises to his weekly pay. These raises were initially recommended to Defendant Weil by Plaintiff's manager, and Defendant Weil made the final decision to approve raises in pay.

29. Defendant Weil exercised control over the schedules of Defendants' employees. While the general manager of the bakery set each employee's schedule each week, decisions related to whether an employee could take a day off or make major adjustments to their schedule required Defendant Weil's approval.

30. At all times relevant to this lawsuit, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all overtime compensation due to Plaintiff.

**CAUSE OF ACTION**
**FLSA, 29 U.S.C. § 207(a)**

31. Defendants violated the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiff proper overtime wages.

32. Defendants' failure to pay Plaintiff his federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. As a consequence of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, plus an equal amount in liquidated damages, the costs of this suit, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Award damages to Plaintiff for Defendants' failure to pay overtime wages under the Fair Labor Standards Act and an equal amount of liquidated damages;

b. Award Plaintiff the costs of this action;

c. Award Plaintiff reasonable attorney's fees;

d. Award Plaintiff post-judgment interest, as provided by law; and

e. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: s/ Duchoang Pham
Duchoang Pham, Attorney-in-Charge
Texas State Bar No. 24116900
S.D. Texas Fed. ID No. 3470605
Email: dpham@equaljusticecenter.org
EQUAL JUSTICE CENTER
2925 Richmond Ave., Ste. 1231
Houston, TX 77098
Fax (512) 474-0008
Tel (832) 441-4787

Anna Bocchini
Texas State Bar No. 24057410
S.D. Texas Fed. ID No. 3145999
Email: abocchini@equaljusticecenter.org
EQUAL JUSTICE CENTER
314 E Highland Mall Blvd., Ste. 401
Austin, TX 78752
Phone: (512) 474-0007, ext. 105
Fax: (512) 474-0008

Counsel for Plaintiff